RECEIVED
IN MONROE, LA
NOV 9 - 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **DENNIS BOYTE** | **CIVIL ACTION NO. 04-1818** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **STEVE WOOTEN, STEVE WOOTEN CONTRACTING, AND FIRST NATIONAL BANK OF CROSSETT** | **MAG. JUDGE KAREN L. HAYES** |

## RULING

Pending before the Court is a Motion to Amend Judgment [Doc. No. 65] filed by Plaintiff Dennis Boyte ("Boyte"). Boyte contends that the Court erred in failing to include pre-judgment and post-judgment interest in its October 16, 2007 Judgment [Doc. No. 64].

On November 5, 2007, the Court granted Boyte's motion and issued an Amended Judgment [Doc. No. 66]. However, Defendant First National Bank of Crossett ("FNBC") was not permitted time to file an opposition memorandum prior to the Court's entry of the Amended Judgment. Accordingly, on the same day, after notice from counsel, the Court issued a Memorandum Order [Doc. No. 67] vacating the Amended Judgment to permit FNBC time to respond.

On November 7, 2007, FNBC filed a Memorandum in Opposition to Boyte's Motion to Amend Judgment. In that Memorandum, FNBC does not specifically oppose the granting of post-judgment interest, but does oppose the granting of pre-judgment interest.

Having fully reviewed the memoranda and case law, the Court GRANTS IN PART and DENIES IN PART Boyte's Motion to Amend Judgment.

In this case, the Court entered Judgment in favor of Boyte and against FNBC on two claims: detrimental reliance and negligent misrepresentation. While the Court agrees with FNBC that pre-judgment interest should not be awarded on a detrimental reliance claim, see Stokes v. Georgia-Pacific Corp., 894 F.2d 764 (5th Cir. 1990), the same is not true of a negligent misrepresentation claim.

Pursuant to Louisiana Revised Statute 13:4203, "[l]egal interest shall attach from date of judicial demand, on all judgments, sounding in damages, 'ex delicto,' which may be rendered by any of the courts." Negligent misrepresentation is a delictual or tort action. According to Louisiana statute, which this Court sitting in diversity must apply, Boyte is entitled to receive pre-judgment interest "from the date of judicial demand." See Ethyl Corp. v. Gulf States Utilities, Inc., 2001-2230 (La. App. 1 Cir. 10/2/02); 836 So.2d 172. The Court has no discretion on this issue. See Odom v. City of Lake Charles, 2000-01050 (La. App. 3 Cir. 1/31/01); 790 So.2d 51, rehearing denied, writ denied, 2001-1198 (La. 6/22/01); 794 So.2d 787 ("[A]n award of legal interest in tort cases is not discretionary with the court since interest attaches automatically until judgment is paid, whether prayed for in the petition or mentioned in the judgment.") (citing La. Code Civ. P. art.1921; La. Rev. Stat. 13:4203; Dufrene v. Duncan, 1993-0403 (La. App. 1 Cir. 3/11/94); 634 So.2d 19. Because there was only one award of damages in this case, the Court must award pre-judgment interest from the date of judicial demand.

The Court must now determine when Boyte made judicial demand on his claim of negligent misrepresentation. It is clear that Boyte filed his Petition on July 27, 2004. However, he did not assert a claim of negligent misrepresentation. Louisiana is a fact-pleading state, but

2

the Petition must fairly state a cause of action for negligent misrepresentation in order to constitute a judicial demand. See Ethyl Corp., 836 So.2d at 181. In the Petition, Boyte alleges that he was advised by a January 16, 2004 letter that Steve Wooten "had assigned the proceeds of the cold storage facility contract to defendant, [FNBC], in connection with the financing for that project." [Doc. No. 1, ¶ 5]. He further alleged that the monies paid to Wooten and FNBC "were not used to finance the cold storage facility project, but instead were used to pay antecedent and unrelated indebtedness of [Wooten and Wooten Contracting]." [Doc. No. 1, ¶¶ 10, 12].

To state a claim for negligent misrepresentation, a plaintiff must show that the defendant had or undertook a legal duty to provide information, a breach of that duty, and resulting damages. See Cypress Oilfield Contractors, Inc. v. McGoldrick Oil Co., Inc., 525 So.2d 1157, 1162 (La. App. 3 Cir. 1988). The Petition filed by Boyte neither asserts a legal duty on the part of FNBC nor that FNBC undertook a legal duty to provide information. Accordingly, the Court finds that the filing date of the Petition is not the date of judicial demand on the negligent misrepresentation claim.

After a close review of the record, the Court finds that the first date of judicial demand is the filing of the parties' proposed pre-trial order, June 29, 2007.[1] See [Doc. No. 49, Contested Issues of Law, ¶ 3 ("Plaintiff contends and Defendant denies that FNBC made material

---

[1] Although, arguably, the parties discussed facts relevant to this claim in their briefs on FNBC's Motion for Summary Judgment, the Court cannot say that Boyte made "judicial demand" on this claim until the date of the filing of the proposed pre-trial order. FNBC made no objection to any late inclusion of this claim. See Portis v. First Nat. Bank of New Albany, Miss., 34 F.3d 325, 331 (5th Cir. 1994) ("A party has presented an issue in the trial court if that party has raised it in either the pleadings or the pretrial order, or if the parties have tried the issue by consent.").

3

misrepresentations or omissions regarding its relationship with Steven Wooten Contracting, Inc. such that FNBC is liable to Boyte for damages under Louisiana Civil Code article 2315.")].

Therefore, Plaintiff's Motion to Amend Judgment [Doc. No. 65] is GRANTED IN PART and DENIED IN PART. Plaintiff is granted both pre-judgment and post-judgment interest. However, pre-judgment interest shall run only from the date of the first judicial demand, June 29, 2007, not from the date of filing of the original Petition.

MONROE, LOUISIANA, this 9 day of November, 2007.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE